```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JERRY NISSE                                  CIVIL ACTION

VERSUS                                       NO: 06-9576

STATE FARM FIRE & CASUALTY                   SECTION: "A" (1)
CO., ET AL.
```

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 3)** filed by plaintiff Jerry Nisse. Defendant State Farm Fire & Casualty Co. opposes the motion. The motion, set for hearing on January 10, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

### I.     BACKGROUND

Plaintiff, a citizen of Louisiana, initiated this suit in state court against State Farm Fire & Casualty Co. ("State Farm") and Edward John Schaumburg ("Schaumburg"), Plaintiff's insurance agent, also a Louisiana citizen.[1] Plaintiff alleges that State Farm has in bad faith refused to pay for all of his hurricane-related damages. Plaintiff alleges that Schaumburg failed to procure adequate insurance coverage for the property.

---

[1] Plaintiff also sued AAA Contractors, a "nominee corporation." (Pet. ¶ II). For purposes of determining subject matter jurisdiction at the time of removal the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C.A. § 1441(A) (West 2006).

State Farm removed the suit to this Court alleging diversity jurisdiction because Plaintiff has improperly joined Schaumburg in order to defeat federal jurisdiction.  State Farm argues that Plaintiff's claims against Schaumburg are perempted and that Plaintiff cannot state a claim against Schaumburg under the facts alleged.[2]  Plaintiff moves to remand the case arguing that his claim is timely and that Schaumburg failed to procure the necessary coverage.

## II. **DISCUSSION**

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)).  The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar.  Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (citing Travis, 326 F.3d at 648).  However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6)

---

[2] State Farm also removed based on the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").  The MMTJA does not provide a basis for State Farm to remove this suit.  See Berry v. Allstate, No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Case v. ANPAC La. Ins. Co., No. 06-7390, Rec. Doc. 20, Dec. 11, 2006 (Duval, J.).

2

because for an improper joinder analysis the court's review is not limited to the pleadings.  <u>See</u> <u>id.</u> at 462-63.  Rather, the court may "pierce the pleadings" and consider summary judgment-type evidence.  <u>Id.</u> at 463 (citing <u>Travis</u>, 326 F.3d at 648-49).

The crux of Plaintiff's complaint against Schaumburg is that he did not procure adequate coverage on behalf of Plaintiff or advise Plaintiff that his coverage should be increased.  This Court has already held that Louisiana law does not impose a duty on an insurance agent to counsel an insured on policy limits.  <u>Parker v. Lexington Insurance Co.</u>, No. 06-4156, 2006 WL 3328041 (E.D. La. Nov. 15, 2006).  However, Plaintiff specifically alleges that Schaumburg was engaged to act as his agent in retaining coverage suitable to cover the property in its entirety.  (Pet. ¶ XX).  In other words, Plaintiff alleges that Schaumburg undertook a duty that Louisiana law would not otherwise impose.  State Farm has submitted an affidavit from Schaumburg in which he denies Plaintiff's factual contentions. (Rec. Doc. 7).  Nevertheless, the Court must evaluate all contested facts in the light most favorable to Plaintiff.  <u>In re Rodriquez</u>, 79 F.3d 467, 469 (5th Cir. 1996).  Thus, the Court cannot conclude that Plaintiff has failed to state a claim against Schaumburg under Louisiana law.

La. R.S. 9:5606, entitled Actions for Professional Insurance Agent Liability, provides in relevant part:

3

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue ***within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.*** However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. Ann. § 9:5606(A) (West 1991 & Supp. 2006) (emphasis added). Further, subpart D of the statute provides:

> The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Id. § 5606(D). Peremption differs from prescription in that it extinguishes or destroys the legal right to which it applies. Bel v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) (citing Coffey v. Block, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000)).

Plaintiff filed the instant suit on August 29, 2006. Plaintiff alleges that within the last year he requested specific changes to his policy but that Schaumburg failed to procure the requested coverage. (Pet. ¶ XVIII). Consequently, the Court cannot find conclusively that Plaintiff's claim against Schaumburg

4

is perempted.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 3)** filed by plaintiff Jerry Nisse should be and is hereby **GRANTED**.  This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

January 22, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5